UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANGELA DORTCH, et al.     PLAINTIFF(S)

v.     NO. 3:05-CV-216-MO

LOREN FOWLER, et al.     DEFENDANT(S)

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on motion of the defendants Loren Fowler and Conway Transportation Services, Inc. to compel the plaintiff Angela Dortch to appear for an examination to be conducted by Dr. Luca Conte, vocational rehabilitation expert, pursuant to Rule 35(a) of the Federal Rules of Civil Procedure. The plaintiff has agreed to an examination to be conducted by Dr. Stephen B. Edelson, a neuro-psychologist; however, the defendants move to compel this examination without the presence of any recording device. For reasons set forth below, the court will grant the defendants' motion; but, any live interview of the plaintiff conducted by Dr. Edelson shall occur in the presence of an audio recorder.

Rule 35(a) permits, upon motion for good cause, an order requiring a party to submit to a physical or mental examination when the party's physical or mental condition is in controversy. The plaintiff claims she sustained serious physical and mental injuries in a motor vehicle accident and that these injuries have diminished her ability to labor and earn money. (Compl. ¶ 8.) The plaintiff's counsel has provided in discovery a report of a vocational expert retained by the plaintiff in this litigation as well as the plaintiff's medical records, the plaintiff's testimony by deposition, and other discovery responses.

The court finds that good cause exists to compel the plaintiff's examination by the

vocational expert retained by the defense in the interest of full and vigorous advocacy on a substantial component of the plaintiff's damages claim.

The closer question in this court's view is whether to require Dr. Edelson to audio record any live interview of the plaintiff. The decision lies within the court's discretion. *Great West Life Assur. Co. v. Levithan*, 153 F.R.D. 74, 76 (E.D. Pa. 1994).

The plaintiff has received psychological treatment for nearly two years, treatment accompanied by documentation apparently produced in discovery. The plaintiff argues for a third-party record of a live interview in the event Dr. Edelson reaches, during a single day's examination, conclusions that are inconsistent with the plaintiff's treating psychologists. The court agrees. An audio recording capturing a live psychological interview and its nuances will assist the court or the trier of fact in resolving any disputes about what occurred. The court further concludes that an audio recording would promote rather than hinder the examiner's objective inquiry and the subject's full cooperation and would not be unreasonably intrusive. Accordingly,

**IT IS HEREBY ORDERED** that the defendants motion to compel (DN 55) is **GRANTED**.

**IT IS FURTHER ORDERED** that

1. Angela Dortch shall appear on September 18, 2006 at 2:00 P.M. at the office of Dr. Luca Conte, 10343 Linn Station Road, Louisville, KY 40223. The manner, conditions, and scope of the examination shall be consistent with a typical vocational rehabilitation assessment examination.

2. Angela Dortch shall appear on September 28, 2006 at 8:45 A.M. at the office of Dr.

Stephen B. Edelson, 7511 New LaGrange Road, Louisville, Kentucky 40222. The manner, conditions, and scope of the examination shall be consistent with a typical vocational rehabilitation assessment examination with the following caveat: any live interview of the plaintiff shall be audio recorded.

DATE:

Copies to:
Counsel of Record