## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

ANGELA DORTCH, et al.                                                                PLAINTIFFS

v.                                                                          NO.3:05-CV-216-JDM

LOREN FOWLER, et al.                                                              DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court on three motions of the defendant, Con-Way Transportation Services, Inc., for partial summary judgment.  This is a motor vehicle, negligence action in which the plaintiff, Angela Dortch, sustained severe personal injuries.  The core, negligence claim is not at issue in the dispositive motions, and the matter is scheduled for a jury trial May 21, 2007.  The defendant seeks dismissal, on grounds of insufficient evidence, of essentially three claims:  punitive damages, negligent maintenance, and negligent retention/entrustment.  For reasons set forth below, the court will grant summary judgment on the negligent maintenance and negligent retention/entrustment claims.  On the punitive damages claim, however, the court will defer a ruling until trial.

### I.

The plaintiff, Angela Dortch, indisputably sustained severe personal injuries in a head-on collision between her automobile and a tractor-trailer truck, driven by the defendant, Loren Fowler.  The central factual dispute is whether the truck crossed the center line of a two-lane roadway.  The plaintiff seeks compensation both from the defendant driver for his alleged negligence and vicariously from his employer, the defendant Con-Way.  In addition, the plaintiffs assert two independent claims against Con-Way.

First, the plaintiffs allege the truck was damaged before the collision and should not have been on the roadway. A photograph taken at the scene of the collision depicts damage at the rear of the truck, not bumper damage, but a bulge at the rear corner of the box of the trailer. The parties apparently dispute whether this damage occurred from a shift in the load during the collision; however, the court will assume for purposes of argument in favor of the nonmoving party that the damage pre-existed the collision. This evidence as well as an adverse presumption from missing maintenance records for the days prior to this collision, the plaintiffs argue, support the claim that Con-Way negligently maintained the truck.

Second, the plaintiffs allege the defendant Fowler had a "terrible" driving record during his Con-Way employment and received the lowest safety rating from his employer a mere three months before this collision. Specifically, Mr. Fowler had been involved in two incidents:[1] 1) the truck collided with a parked vehicle while maneuvering the truck in an alley to a loading dock; and 2) the truck rear-ended an automobile, both starting from a stopped position at a traffic light, after the light turned green. Neither incident resulted in claims for personal injuries, but both involved minor property damage. The safety rating supports the view, the plaintiffs argue, that Con-Way should not have allowed such a poor safety pattern to continue. The plaintiffs intend to show with expert testimony that the employment evaluation coupled with the accident history record supports the claim that Mr. Fowler could not handle a big truck in tight quarters

---

[1] In a previous order on discovery motions, this court ruled that prior incidents were discoverable if they involved bodily injury or occurred on a public roadway; incidents of property damage only that occurred during cargo uploading or unloading accidents off the public roadways were not discoverable. Thus, the court will disregard other incidents of cargo loading that involved only property damage, despite the various references by the parties in their memoranda. The court remains convinced these incidents are neither discoverable nor relevant to the claim of negligent retention/entrustment in this matter. In the same vein, the court will deny the plaintiffs' motion for further discovery of these incidents (docket no. 108).

-2-

and, specifically, on a narrow, wet, winding roadway as in the circumstances of the collision, here.

## II.

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. The court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matshushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "[T]he moving party may demonstrate ... that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. If the nonmoving party cannot muster sufficient evidence ..., a trial would be useless and the moving party is entitled to summary judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 331-32 (1986). The pivotal issue, therefore, is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

## III.

### A. Negligent Maintenance

The defendant Con-Way argues summary judgment is appropriate because there is no evidence that the condition of the truck in any way contributed to this collision. The plaintiffs do not explain how the bulge at the rear of the box of the truck bears any relation to the cause of this

head-on collision.[2]

Rather, the plaintiffs rely on an evidentiary presumption in support of the negligent maintenance claim. Specifically, the plaintiffs requested in discovery the daily inspection reports for the truck, required to be maintained by federal regulations, but received no records for the four days prior to the collision. The defendant Con-Way explains the missing records, which were kept in the truck's cab, were accidentally lost during the collision itself or the subsequent month-long period that the police held the truck in impoundment. Con-Way argues that absent any evidence of deliberate destruction or bad faith, the plaintiffs are not entitled to an adverse inference or presumption from missing evidence under state law, as incorporated in Federal Rule of Evidence 302. *See Monsanto v. Reed*, 950 S.W.2d 811, 815 (Ky. 1997). The court agrees.

The plaintiffs have failed to establish any evidence that the rear bulge in the box of the truck constituted a breach of the defendant's duty to maintain the truck or that any such breach contributed to the head-on collision. Further, there is no evidence of bad faith or deliberateness to support an adverse inference from missing maintenance records. Even if the evidentiary presumption applied, any presumption that Con-Way breached its duty to maintain the truck is not *ipso facto* evidence of causation, as the plaintiffs contend. Rather, the plaintiffs must offer some evidence to support a reasonable inference that the state of repair of the truck contributed to the head-on collision. *See Arlie Larimer and Sons, Inc. v. Kleen-Leen, Inc.*, 523 F.2d 865, 869 (6th Cir. 1975). According to the defendant's reply memoranda, neither of the plaintiffs' liability

---

[2] The body of the plaintiffs' response memoranda does not address this narrow point. However, one exhibit to the response is a transcript excerpt from the deposition of H. Frank Entwisle. Therein, counsel for the plaintiffs asks specifically whether the "buckled" rear end "could cause problems for the steering," and the deponent answers, "No, I don't think so." (Docket no. 105, Exhibit Depo of Entwisle at 3.)

-4-

experts addresses the issue of pre-existing damage or offers a relevant opinion and no other testimony supplies evidence that the mechanical condition of the truck was a contributing factor in the collision.  (Docket no. 117 at 9-10.)

The court concludes there is insufficient evidence to support essential elements of the negligent maintenance claim, i.e, breach and causation, and that the defendants are entitled to judgment as a matter of law.

**B.  Negligent Retention/Entrustment**

The defendant Con-Way argues summary judgment is appropriate because there is no evidence to support essential elements of these claims.  Both claims require evidence that Con-Way's retention or entrustment of Mr. Fowler as a driver of the tractor trailer truck created a foreseeable risk of harm to third persons.  *See Oakley v. Flor-Shin, Inc.*, 964 S.W.2d 438 (Ky. Ct. App. 1998) (following the Restatement (Second) of Agency § 213 (1958)).  The court concludes neither Mr. Fowler's driving record nor his employment evaluation rendered this head-on collision foreseeable and that the defendants are entitled to judgment as a matter of law.

Mr. Fowler had two minor property damage incidents over an extended period of time, one involving damage to a side mirror and the other being a low speed fender bender.  Neither incident shows in any way that the driver exhibited a significant risk traveling on a wet, winding roadway at a speed of 30 to 35 miles per hour.  To conclude otherwise would establish a rule that every truck driver, who has minor property damage incidents on his record, is a potential, negligently retained employee.  The plaintiffs offer no examples of collisions involving excess speed, inclement weather, or personal injuries.  The plaintiffs' attempt to bootstrap minor property damage incidents into major threats to third parties would in the court's view "stretch

the concepts of foreseeability." *James v. Meow Media, Inc.*, 90 F.Supp.2d 798, 804 (W.D. Ky. 2000), *aff'd*, 300 F.3d 683 (6th Cir. 2002). "[W]here the court would conclude as a matter of law that it was clearly unreasonable to foresee the potential harm from the misconduct involved, the question is one for the court rather than a jury." *Id.*, at 803 (internal quotations omitted.) The court concludes the two prior incidents are so dissimilar to the facts of this case that no one could or ought to have anticipated this kind of different and serious collision.

Therefore, the court concludes there is insufficient evidence to support essential elements of the negligent retention/entrustment claims and that the defendants are entitled to judgment as a matter of law.

## C. Punitive Damages

The defendant Con-Way argues this is an ordinary negligence case and there is no evidence to support a claim of punitive damages under KY. REV. STAT. ANN. § 411.184. Punitive damages are appropriate where the evidence supports a claim that a driver more than failed to exercise ordinary care but was *grossly* negligent, meaning that the driver proceeded in a wanton or reckless disregard for the rights of others. *Horton v. Union Light, Heat & Power Co.*, 690 S.W.2d 382, 389 (Ky. 1985). The plaintiffs argue the defendant driver was grossly negligent because he should have been traveling on a different route or at a slower rate of speed.

The court concludes the better course, on the punitive damages claim, is to reserve ruling on the sufficiency of the evidence at trial, and will therefore deny the motion for partial summary judgment.

The court will enter a separate order.

DATE:

cc:  Counsel of Record