UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANGELA DORTCH, et al.                                                                    PLAINTIFFS

v.                                                                              NO.3:05-CV-216-JDM

LOREN FOWLER, et al.                                                                    DEFENDANTS

## OPINION AND ORDER

The parties seek an *in limine* ruling on the admissibility of the opinions of the Louisville Metro Police Officer, Clarence Beauford, Jr., who investigated the collision in this matter. Officer Beauford was among the first responders to the scene, and following a factual investigation, Officer Beauford concluded the plaintiff, Angela Dortch, crossed the center line of the roadway and caused the head-on collision. The defendants seek to call Officer Beauford as an expert witness at trial, although he is not a retained expert and the defendants' motion for leave to supplement their expert disclosures falls months after the disclosure deadline. At trial, the defendants expect to offer his opinions as they appear in the official collision report and during his live testimony, which is expected to be consistent with his previously taken deposition testimony. The plaintiffs object to the motion to supplement and further move to exclude the collision report and any opinion testimony of Officer Beauford. For reasons set forth below, the court concludes the collision report, which includes facts, conclusions, and opinion, is admissible in its entirety and will therefore permit Officer Beauford to testify to its content, but not to anything beyond the scope of the report.

**Officer Beauford and His Investigation**

Officer Beauford's credentials include seventeen years' experience in the traffic bureau of the Louisville metro police department, a specialized unit for investigating serious and

complex accidents. According to his deposition testimony, he has had extensive accident reconstruction training with the Institute of Technology and Training at the University of North Florida.

Officer Beauford and others under his direction documented the physical evidence at the scene of this collision, including the resting points of each vehicle, debris, and marks in the roadway. He also interviewed the defendant driver, Loren Fowler, who stated essentially that the other vehicle entered his lane of travel and caused the head-on collision. (The plaintiff, Angela Dortch, was not available for an interview due to the severity of her injuries.) Officer Beauford did not, however, conduct a complete accident reconstruction. He omitted a "total station survey," which the defendants' memorandum explains is a mapping tool used to diagram the scene and identify evidence within the scene. Officer Beauford testified that a station survey was not required under department protocol or necessary in his view to determine the cause of the collision.[1]

In his deposition, when asked whether his conclusion – "that Ms. Dortch lost control of her vehicle, went over into the westbound lane and was struck by a semi" – was based primarily from the physical evidence, Officer Beauford responded:

> There was some evidence where the gouge mark and the scrapes was where we made a determination where the area of impact was. I know the photograph doesn't actually – you can't see much with this particular photo, but on the day of the collision I remember observing that the gouge and the scrape marks were in the westbound lanes of [highway] 22.[2]

---

[1] Officer Beauford testified that he conducts a full reconstruction if there is a suspicion of some criminal culpability. A scaled diagram of the debris pattern, for example, can assist in determining the speed of the vehicles. Docket no. 120, exhibit B at 28.

[2] Docket no. 120, exhibit B at 14-15.

Later, counsel asked whether an analysis was performed to determine what made the gouge marks in the roadway. Officer Beauford responded:

> Normally indicative of maximum engagement, when two vehicles come together and you get the maximum engagement and they load up on the roadway, that's what I normally should see. ... It could be from the tire rim, it could be from the underside of the vehicle, it just depends.[3]

The location of the point of collision is a central point in the case, for if the jury believes that Ms. Dortch crossed the center line, it will likely have a significant impact on the assessment of fault.

**The Collision Report**

Police reports are generally admissible under the hearsay exception for public records and reports setting forth "factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." FED. R. EVID. 803(8).

The plaintiffs argue the collision report lacks trustworthiness because Officer Beauford failed to perform a total station survey and based the report "entirely on the only statement he obtained, that of the defendant Fowler."[4] These self-serving statements by Mr. Fowler and the fact that Officer Beauford did not observe firsthand the collision itself or complete an accident reconstruction, the plaintiffs argue, present the very circumstances which generate a lack of trustworthiness Rule 803(8) is meant to exclude. The court disagrees. The remedy for these potential problems is cross-examination rather than exclusion.

---

[3] Docket no. 120, exhibit B at 35-36.

[4] Docket no. 120 at 3.

Clearly, the hearsay rule excludes a police report that solely contains the out-of-court statements of individuals. *Miller v. Field*, 35 F.3d 1088 (6th Cir. 1994); *Miller v. Caterpiller Tractor Co.*, 697 F.2d 141 (6th Cir. 1983);*Dallas & Mavis Forwarding Co., Inc., v. Stegall*, 659 F.2d 721 (6th Cir. 1981). These types of reports are not admissible because they contain no "factual findings" as required under the hearsay exception of Rule 803(8). *See Miller v. Field*, 35 F.3d at 1091-92. This rule simply does not apply here. Contrary to the plaintiffs' assertion, Officer Beauford based the report on a factual investigation, not solely the defendant driver's statement. According to his deposition testimony, Officer Beauford documented the physical evidence and when asked about the basis for his conclusion, testified to the marks in the roadway. Thus, the report is not just hearsay repackaged on an official form.

It is also clear Rule 803(8)'s use of the term "factual findings" does not render inadmissible portions of the report that contain the preparer's conclusions and opinions. *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 163-64 (1988). There, the Supreme Court of the United States held that "portions of investigatory reports are not inadmissible merely because they state a conclusion or opinion. As long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement, it should be admissible along with other portions of the report." *Id.*, at 170.

Whether a report is untrustworthy depends on several factors, including the timeliness of the investigation, the skill or experience of the investigator, and any bias. *Miller v. Field*, 35 F.3d at 1090. In the court's view, none of these factors weighs against admitting the report. The plaintiffs emphasize that the report includes the defendant driver's version of the collision, including the speed of his truck. This factor, however, is not evidence of any bias on the part of

Officer Beauford. If Officer Beauford had failed to interview available witnesses, some might argue his investigation is untrustworthy for such a glaring omission. In fact, the plaintiffs discredit the report because Officer Beauford did not perform a total station survey. Again, when asked the basis for his conclusion, Officer Beauford recounted the physical evidence, which in the officer's view was sufficient to reach a conclusion. The plaintiffs' retained experts at trial, it is expected, will disagree. However, Officer Beauford's report does not lack trustworthiness merely because he bases his opinion on disputed factual evidence. His investigation was timely, sufficiently thorough, and independent.

The court concludes Officer Beauford's conclusions and opinions "flow from a factual investigation," *id*., at 163-64, and that the report carries no indicia of lack of trustworthiness, and as such should be admitted.

**Anticipated Trial Testimony**

The defendants "in the abundance of caution" move to supplement their expert disclosures to protect Officer Beauford's ability to offer opinion testimony at trial. The plaintiffs argue Officer Beauford's trial testimony should be limited to his personal observations as a lay witness and that any conclusion or opinion testimony is not admissible. *See* FED. R. EVID. 702, 703. Given the court's discussion above and the admissibility of the report, including facts, conclusions, and opinion, the court concludes the motion to supplement is not necessary. Officer Beauford's training and experience may well ultimately qualify him as an expert. The plaintiffs do not concede this issue, and the defendants will be required to qualify Officer Beauford as an expert at trial. The issue of trustworthiness for Rule 803(8) does not foreclose a challenge at trial to his qualifications as an expert. Moreover, the expiration of the disclosure deadline is not

a sufficient basis for excluding Officer Beauford's opinions.  Officer Beauford sat for his deposition more than a year ago, April 11, 2006, as an independent witness, and the parties have been well aware of his opinion since before commencement of this action.  Officer Beauford's trial testimony, nonetheless, will be confined to the scope of the report and his deposition.

The court being sufficiently advised,

**IT IS HEREBY ORDERED** that the defendants' motion for leave to supplement Rule 26(a)(2) disclosures (dn 109) is **MOOT**;

**IT IS FURTHER ORDERED** that the plaintiffs' motion in limine to exclude opinion evidence (dn 120) is **DENIED**.

DATE:

cc:  Counsel of Record