**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

ANGELA DORTCH, et al.                                        PLAINTIFFS

v.                                                NO.3:05-CV-216-JDM

LOREN FOWLER, et al.                                         DEFENDANTS

## <u>OPINION AND ORDER</u>

This is a motor vehicle, negligence action in which the plaintiffs, Angela Dortch, and

others, contend the defendant truck driver, Loren Fowler, crossed the center-line of a two-lane

roadway causing a direct collision with Ms. Dortch's vehicle.  Ms. Dortch sustained severe

injuries and is unable to give any account of the collision.  Before the court are two motions *in*

*limine*, in which the defendants, Loren Fowler and Conway Transportation Services, Inc., seek to

exclude discovery related to prior accidents at the scene and any evidence through expert

testimony or medical records whether Ms. Dortch applied the brakes at or near the time of the

collision.

**1.  Discovery or Research of Prior Accidents at the Scene:**

The plaintiffs retained accident reconstructionist, Thomas Bereza, who is expected to

testify that a gouge in the pavement within Ms. Dortch's lane of travel marks the area of impact,

(referred to as the Bereza gouge).  Other witnesses, including an accident reconstructionist

retained by the defendants, point to marks in the pavement within Mr. Fowler's lane of travel as

the area of impact.  In an effort to establish whether the Bereza gouge may be attributable to a

prior accident, the defendants researched insurance and other records, including photographs, of

past vehicle collisions at the scene.  The defendants failed, however, to uncover documentation

linking the Bereza gouge to a previous collision.

The defendants move to exclude all evidence, testimony, argument or other reference to this research, pursuant to Federal Rules of Evidence 401 and 402. The defendants argue the research is not relevant because the absence of findings neither proves nor disproves whether the Bereza gouge is attributable to a prior accident. The plaintiffs argue that because a defense expert is expected to testify that the Bereza gouge was caused by an earlier accident, the plaintiffs are entitled to ask whether the witness has any evidence of such an accident.

The court will grant the defendants' motion. The court agrees the absence of formal documentation linking the Bereza gouge to a prior accident has no tendency to make the existence of such a link more probable or less probable and concludes the defendants' research should, therefore, be excluded under Rule 402. This ruling excludes at trial a negative inference that the failure to uncover evidence of a prior accident suggests a higher likelihood that the Bereza gouge marks the area of impact in this collision. This ruling does not exclude, however, the limited question on cross-examination that the defense expert's testimony is based on circumstantial rather than direct evidence of a prior accident; but, the plaintiffs may not delve into what research was conducted to uncover a link to previous accidents.

## 2.  Motion re Ms. Dortch's Use of Brakes

The defendants move to preclude Ms. Dortch's treating physicians or other experts from testifying that her injuries are consistent with "seeing the truck in her lane and strongly applying the brakes," as apparently noted in some of Ms. Dortch's medical records.[1] The plaintiffs counter that they will not offer through their experts any such evidence but that they reserve the

---

[1]Defendants' supporting memorandum, Docket no. 124 at 1-2.

right to cross-examine the defense experts about all issues and to make appropriate arguments to the jury about how the accident happened.  Specifically, the plaintiffs state the evidence will show Ms. Dortch would have seen the truck in her lane, given the sight-lines involved, and that they intend to argue to the jury that " if she had seen Fowler's truck, and she should have seen the truck, would have hit the brakes."[2]  The plaintiffs restate they do not intend to offer evidence from their experts on these issues.

On the basis of the limitations contained in the plaintiffs' response, the court will deny the defendants' motion as moot.

The court being sufficiently advised,

**IT IS HEREBY ORDERED** that the defendants' motion in limine to exclude evidence of research (docket no.123) is **GRANTED** in part consistent with this opinion;

**IT IS FURTHER ORDERED** that the defendants' motion in limine to exclude speculative accident reconstruction evidence (docket no. 124) is **DENIED** as moot.

DATE:

cc:  Counsel of Record

---

[2]Plaintiffs' response memorandum, docket no. 141 at 2.

-3-