## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

ANGELA DORTCH, et al.                                                   PLAINTIFFS

v.                            NO.3:05-CV-216-JDM

LOREN FOWLER, et al.                               DEFENDANTS

### OPINION AND ORDER

The plaintiffs, Angela Dortch and others, move the court to reconsider its ruling that the official accident report is admissible under the hearsay exception for public records and reports, Federal Rule of Evidence 803(8). The plaintiffs seek a narrow ruling excluding an entry on the accident report which states, "Estimated Travel Speed [of the plaintiff's vehicle:] Between 40 & 45 mph."[1] The plaintiffs argue the investigating officer's deposition establishes the only basis for this estimate is a statement of the defendant driver, Loren Fowler, taken at the scene of the accident. The investigation did not include a crush analysis or other techniques to estimate the speed of the vehicle, and the plaintiff, Angela Dortch, was unable to give a statement because of the severity of her injuries. Because the information is self-serving and unreliable, the plaintiffs argue, the court should exclude it as untrustworthy under FRE 803(8).

The court disagrees that exclusion is the proper remedy. FRE 803(8) applies to reports, which by their very nature may include information based on hearsay, *Combs v. Wilkinson*, 315 F.3d 548 (6th Cir. 2002), as long as the preparer, after conducting a factual investigation, authors an official report that contains factual findings and the court has determined the report satisfies the Rule's trustworthiness requirement. *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153 (1988). The court made these findings in an opinion and order, dated June 6, 2007, and concluded the report does not lack trustworthiness merely because the investigating officer based his opinion

---

[1] Ex. A., Mot. to Reconsider (docket no. 195) at p. 3 of 4.

on disputed factual evidence. There appears to be no other basis for excluding the speed estimate, such as the double hearsay rule, FRE 805. The proper approach, therefore, is skillful cross-examination of the investigating officer on the basis of his reported speed estimate, and not exclusion.

The court being sufficiently advised,

**IT IS HEREBY ORDERED** that the defendants' motion for reconsideration (docket no.195) is **DENIED**;

**IT IS FURTHER ORDERED** that the motion in limine to exclude evidence and references to defendants' use of a mock trial and a jury consultant (docket no. 196), by agreement of counsel, is **MOOT**.

DATE:

Copies to: counsel of record