UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANGELA DORTCH, et al.                                                                          PLAINTIFFS

v.                                                                                 NO.3:05-CV-216-JDM

LOREN FOWLER, et al.                                                       DEFENDANTS

**OPINION AND ORDER**

The defendants, Loren Fowler and Conway Transportation Services, Inc., move for judgment as a matter of law, pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, on the claims for punitive damages in this matter. For reasons set forth below, the court will grant the defendants' motion.

**I.**

Because this court is sitting in diversity jurisdiction, the substantive law of the forum state controls the defendants' Rule 50(a) motion and the issue whether the plaintiffs have produced sufficient evidence at trial to submit a punitive damages instruction to the jury. *Clark v. Chrysler Corp.*, 310 F.3d 461, 476 (6th Cir. 2002) *opinion reinstated, except due process discussion, in* 436 F.3d 594, — n.5 (6th Cir. 2006). "Under Kentucky law, a motion for judgment as a matter of law should be granted only if there is a complete absence of proof on a material issue in the action, or if no disputed issue of fact exists upon which reasonable minds could differ." *Clark*, 310 F.3d at 476 (internal quotations omitted) (citing *Washington v. Goodman*, 830 S.W.2d 398, 400 (Ky.App. 1992)); *accord Taylor v. Kennedy*, 700 S.W.2d 415, 416 (Ky.App. 1985). The court must afford the non-moving party with "every favorable inference which may reasonably be drawn from the evidence ... ." *Morales v. American Honda Motor Co.*, 151 F.3d 500, 506 (6th Cir. 1998) (quoting *Baylis v. Lourdes Hosp. Inc.*, 805 S.W.2d 122, 125 (Ky. 1991)).

**II.**

The plaintiffs, Angela Dortch and others, seek common law punitive damages against the defendant driver on the basis of gross negligence. The defendant Conway's substantive liability is limited to *respondeat superior*; consequently, the plaintiffs seek punitive damages against Conway on the basis of KY. REV. STAT. ANN. § 411.184(3), which requires evidence that Conway authorized, ratified or should have anticipated its employee's alleged misconduct.

To support a claim of gross negligence, a plaintiff must show "something more than the failure to exercise slight care ... there must be an element either of malice or willfulness or such an utter and wanton disregard of the rights of others as from which it may be assumed the act was malicious or willful." *Phelps v. Louisville Water Co.*, 103 S.W.3d 46, 51-52 (Ky. 2003) (quoting *Cooper v. Barth*, 464 S.W.2d 233, 234 (1971)). "In order to justify punitive damages there must be first a finding of failure to exercise reasonable care, and then an additional finding that this negligence was accompanied by 'wanton or reckless disregard for the lives, safety, or property of others.'" *City of Middlesboro v. Brown*, 63 S.W.3d 179, 181 (Ky. 2001) (quoting *Horton v. Union Light, Heat & Power Co.*, 690 S.W.2d 382, 389-90 (Ky. 1985)). A plaintiff is not required to show express malice, as formerly required by statute, KY. REV. STAT. ANN. § 411.184(1)(c), which was declared unconstitutional in *Williams v. Wilson*, 972 S.W.2d 260 (Ky. 1998). Rather, when a plaintiff seeks punitive damages on the basis of gross negligence, a "'wanton or reckless disregard for the lives, safety or property of others' bears an element 'not distinguishable from malice implied from the facts.'" *Phelps*, 103 S.W.3d at 52.

As a preliminary matter, the defendants argue that in its review of the sufficiency of the evidence, the court should not only consider the elements of gross negligence, but the court should also take into account that the plaintiffs must prove punitive damages to a clear and convincing degree, under a separate provision of the punitive damages statute that to date

remains constitutionally unchallenged and valid, i.e., KY. REV. STAT. ANN. § 411.184(2).[1]  The court disagrees.  The defendants' Rule 50(a) motion tests the plaintiffs' burden of production, whereas the weight and credibility of the evidence is a consideration reserved for the trier of fact. *See Gorman v. Hunt*, 19 S.W.3d 662, 671 (Ky. 2000).  The court will therefore determine whether there is a complete absence of proof of gross negligence.

The defendants argue the evidence in this case supports a claim of only ordinary negligence.  They rely on the case of *Kinney v. Butcher*, in which the Court of Appeals of Kentucky held that a driver, who traveled ten miles per hour in excess of the speed limit and failed to complete a pass before entering a no-passing zone, displayed nothing more than ordinary negligence.  *Kinney v. Butcher*, 131 S.W.3d 357, 359 (Ky.App. 2004) *discussed with approval in Brown v. Commonwealth*, 174 S.W.3d 421, 436 (Ky. 2005).  "Were we to accept [the plaintiff's] argument," the *Kinney* court stated, "that it amounts to wanton or reckless disregard for the safety of others, it would effectively eliminate the distinction between ordinary and gross negligence."  *Id*.  The *Kinney* court further described "truly gross negligence" as that seen in cases involving intoxicated drivers and the particular facts in the case of *Phelps v. Louisville Water Co.*, 103 S.W.3d 46 (Ky. 2003) .  There, the jury was presented with eighteen instances "where the Louisville Water Co. misrepresented the dangerous nature of a highway condition, violated its own safety policies, and disregarded the Manual on Uniform Traffic Control Devices, all of which evidence[d] a conscious disregard for public safety."  *Id*.

The plaintiffs argue the *Kinney* case involves a benign set of facts, whereas the evidence here shows that the defendant Fowler could not control his vehicle.  On cross-examination, Mr.

---

[1] Although the Supreme Court of Kentucky addressed only the constitutionality of the malice requirement in subsection (1)(c), *Williams v. Wilson*, 972 S.W.2d 260, 268 (Ky. 1998), the Court of Appeals for the Sixth Circuit, in dicta, has suggested that the standard of proof for punitive damages based on gross negligence reverts to the common law standard, preponderance of the evidence.  *Clark v. Chrysler Corp.*, 310 F.3d at 480 n.3.

-3-

Fowler admitted that shortly before the collision with the plaintiff, Mrs. Dortch's vehicle, a portion of his truck slipped to the left, outside of his lane as he approached a red light. Although Mr. Fowler explained that the incident caused him to use greater care by the time he entered the narrow two-lane roadway on which this collision occurred, the jury may well infer that the defendant was on notice that he could not adequately control his vehicle.

The plaintiffs further argue the evidence, viewed with all reasonable inferences in their favor, shows that Mr. Fowler was driving partially on the wrong side of the two-lane roadway; that he should have seen the plaintiff's vehicle in the opposing lane; that he was driving in a no-passing zone; that he received five separate warnings to slow his vehicle; that he failed to follow federal standards[2] to slow the vehicle by one third in rain slick conditions; that he could not control the truck because of the previous slip on a four-lane highway immediately before entering the two-lane roadway; that the normal route by interstate highway was a mere two blocks from the entry to the two-lane route he chose; and that, finally, the defendant Conway's manager, Gerry McGown, admitted that Conway does not encourage or require their drivers to reduce speed by one-third in wet conditions.[3]

After thorough consideration of the evidence viewed in a light most favorable to the plaintiffs, the court concludes the evidence presents nothing more than ordinary negligence. The evidence shows that, the defendant although driving in excess of the recommended speed, was not exceeding the posted speed limit. There is a complete absence of proof that the defendant more than failed to exercise reasonable or even slight care. There are no facts to support a reasonable inference that this negligence, if found by the jury, was accompanied by a wanton or

---

[2] Ex. 43 to Trial Transcript (Sept. 13, 2007) of McGown examination, "Model Driver's Manual."

[3] Id. at 5-6.

-4-

reckless disregard for the lives, safety, or property of others. At best, the evidence portrays a truck driver who, for many reasons, should have chosen an interstate route given the wet, slick conditions of the narrow, curvy, two-lane roadway and that Mr. Fowler, according to the plaintiffs' evidence, failed to exercise reasonable care by crossing the center line. In the court's view, again, crediting the plaintiffs with every reasonable inference, these elements do not constitute aggravating or additional circumstances that would distinguish this case from ordinary automobile accidents. The court concludes, therefore, that the defendants are entitled to judgment as a matter of law on the claim for punitive damages against the defendant driver.

Because the claims against the defendant Conway are derivative of the claims against the defendant driver, the above ruling similarly disposes of the punitive damages claim against Conway.

In reaching this decision, the court expresses no opinion on the merits of the underlying negligence claim. Clearly, Mrs. Dortch sustained severe injuries, and this ruling is not intended to diminish in any way that she, her husband, and family have suffered a grievous loss. In the court's view, a punitive damages claim cannot stand on the seriousness of the injuries, alone. Thus, it is after grave consideration that the court concludes that an objective, unimpassioned application of Kentucky law requires a judgment denying the claims for punitive damages.

**IT IS HEREBY ORDERED** that the motion of the defendants for judgment as a matter of law on the claims for punitive damages is **GRANTED**. (Docket no. 238.)

This is an interlocutory, unappealable order.

DATE:

Copies to: counsel of record