UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE



FILED

SEP 21 2007

JEFFREY A. APPERSON, CLERK
BY _____
DEPUTY CLERK

ANGELA DORTCH, et al.                                    PLAINTIFFS

v.                              CIVIL ACTION NO. 3:05-CV-216-MO

LAUREN FOWLER, et al.                                   DEFENDANTS


**JURY INSTRUCTIONS**


DATE:  September _20_ , 2007

_James D. Moyer_
HON. JAMES D. MOYER
UNITED STATES MAGISTRATE JUDGE

## JURY INSTRUCTION NO. 1

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything the court may have said or done, any suggestion as to what verdict you should return – that is a matter entirely up to you. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by he court, and reach a just verdict, regardless of the consequences.

You may use notes taken during trial to assist your memory. Notes, however, should not be substituted for your memory, and you should not be overly influenced by the notes.

## JURY INSTRUCTION NO. 2

### CORPORATIONS

This case should be considered by you as an action between persons of equal standing in the community. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

When a corporation is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee of a corporation may bind the corporation by his acts and declarations made while acting within the scope of his authority delegated to him by the corporation, or within the scope of his duties as an employee of the corporation.

## JURY INSTRUCTION NO. 3

## WHAT IS EVIDENCE

The evidence, from which you are to decide what the facts are, consists of:

1.    the sworn testimony of witnesses, on both direct and cross-examination, both by deposition and by live testimony regardless of who called the witnesses;

2.    the exhibits which have been received into evidence and which you take to the jury room regardless of who may have produced them; and

3.    any facts to which all the lawyers have agreed or stipulated.

Your recollection and interpretation of the evidence controls in this case. While you must consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.

## JURY INSTRUCTION NO. 4

### WHAT IS NOT EVIDENCE

Certain things are not evidence, and you may not consider them in deciding what the facts are or in reaching your verdict.  I will list what is not evidence for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

2.      Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by any objection or by the court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  Any evidence to which an objection was sustained by the court must be disregarded.

4.      During the trial, you have seen computer generated animations demonstrating the opinions of the expert witnesses for each side concerning the manner in which the collision at issue occurred.  These animations are for illustrative purposes.  If you believe that the animation does not fairly or accurately illustrate the testimony of the witness, then you may disregard it, in whole or in part.

5.      Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

## JURY INSTRUCTION NO. 5

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts or circumstances that tend to prove or disprove the existence or non-existence of certain other facts.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## JURY INSTRUCTION NO. 6

### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things testified to;

2.      the witness' memory;

3.      the witness' manner while testifying;

4.      the witness' interest in the outcome of the case and any bias or prejudice;

5.      whether other evidence contradicted the witness' testimony;

6.      the reasonableness of the witness' testimony in light of all the evidence; and

7.      any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if, after considering all the other evidence, you believe that witness.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe that any witness has been impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

## JURY INSTRUCTION NO. 7

### OPINION EVIDENCE (EXPERT WITNESSES)

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

## JURY INSTRUCTION NO. 8

### BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

I will now instruct you on the elements of each party's claims, which must be proven by a preponderance of the evidence.

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

In determining whether a party has met its burden of proof, you should base your decision on all of the evidence, regardless of which party presented it.

## JURY INSTRUCTION NO. 9

### DUTY TO DELIBERATE

When you retire, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully and with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  Do not come to a decision, however, simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

If you take a break, or "recess," during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial.

## JURY INSTRUCTION NO. 10

### COMMUNICATION WITH COURT

If it becomes necessary to communicate with me during deliberations, you may send a folded note through the Court Security Officer, signed by a juror.  Do not disclose the content of your note to the Court Security Officer.

Do not communicate with the court about the case except by a signed note.  I will only communicate with you regarding the case in writing or in open court.

Do not disclose any vote count in any note to the court, or to anyone else.

## JURY INSTRUCTION NO. 11


### RETURN OF VERDICT

After you have reached unanimous agreement on a verdict, fill in, date, and sign the

verdict form or forms and advise the court, through the Court Security Officer, that you have

reached a verdict.

You may now retire to the jury room to conduct your deliberations.  Thank you for

your service.

## VERDICT QUESTION NO. 2

You shall complete this page only if you answered "yes" to Verdict Question No. 1.

It was also the duty of Angela Dortch in driving her vehicle to exercise ordinary care for the safety of other persons using the roadway, and this general duty included the following specific duties:

(a)     to keep a lookout ahead for other vehicles near enough to be affected by the intended movement of her vehicle;

(b)     to have her vehicle under reasonable control;

(c)     upon meeting the approaching vehicle of the other, to keep her vehicle to the right side of the roadway; and

(d)     to exercise ordinary care generally to avoid collision with other persons and vehicles on the roadway.

Again, "ordinary care" means such care as an ordinarily prudent person would exercise under the same or similar circumstances.

Do you believe, based on a preponderance of the evidence, that Angela Dortch failed to perform one or more of these duties and that such failure was a substantial factor in causing the collision with the defendant Loren Fowler's vehicle?

_____            _____
        Yes                                              No

_____
Foreperson's Signature

If you answered "yes" to the question above, you will determine from the evidence and indicate in the following blank spaces what percentage of the total fault was attributable to each of the drivers, as follows:

The plaintiff, Angela Dortch:_____%

The defendant, Loren Fowler:_____%

Total:                              100%

In determining the percentage of fault you shall consider both the nature of the conduct of each of the drivers and the extent of the causal relation between his or her conduct and the damages claimed.

## VERDICT QUESTION NO. 3

You shall complete this page only if you answered "yes" to Verdict Question No. 1.

If you find for the plaintiff, Angela Dortch, you will determine from the evidence and award her and the plaintiff, Donnie Dortch, a sum of money that will fairly and reasonably compensate them for the following damages that she and he sustained as a direct result of the collision about which you have heard evidence:

(a)     mental and physical pain and suffering Angela Dortch has endured or is reasonably certain to endure hereafter, not to exceed $2,500,000;

(b)     past, present and future loss of power to labor and earn money sustained by Angela Dortch, not to exceed $821,962;

(c)     necessary and reasonable hospital and medical services Angela Dortch has incurred or is reasonably certain to incur hereinafter, in the amount of $448,754;

(d)     the fair market value of the 1994 Ford Explorer at the time and place of the loss, in the amount of $2,000; and

(e)     to Donnie Dortch for whatever loss of services, assistance, aid, society, companionship and conjugal relationship of his wife, and the value of his household services rendered on behalf of Angela Dortch as a result of the collision, not to exceed $500,000.

In so doing, do not consider the amount, if any, of Angela Dortch's fault that you may have assigned to her under Verdict Question No 2.

We, the jury, find that the plaintiff, Angela Dortch, sustained the following damages and award such sums of money:

    (a)    Physical and mental suffering, not to exceed $2,500,000:    $_____

    (b)    Past, present and future loss of power to labor and earn money, not to exceed $821,962:    $_____

    (c)    Necessary and reasonable hospital and medical services:    $448,754.

    (d)    The fair market value of the 1994 Ford Explorer:    $2,000.

We, the jury, further find that the plaintiff, Donnie Dortch, sustained the following damages and award such sums of money:

    (e)    For loss of consortium and value of household services rendered by him, not to exceed $500,000:    $_____

**TOTAL DAMAGES:**    $_____

Dated this \_\_\_\_\_ day of September, 2007.

_____
Foreperson

After you have completed this Verdict Question, please inform the court security officer that you have completed your deliberations.