**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

ANGELA DORTCH, et al.                                                                                  PLAINTIFFS

v.                                                                                                    NO.3:05-CV-216-JDM

LOREN FOWLER, et al.                                                                                 DEFENDANTS

**MEMORANDUM OPINION**

This motor vehicle, negligence action is before the court on the post-trial motions of the plaintiffs, Angela Dortch and Donald Dortch, following a jury verdict in favor of the defendants, Loren Fowler and Conway Transportation Services, Inc. The plaintiffs renew their motion for judgment as a matter of law or, in the alternative, move for a new trial, pursuant to Rules 50 and 59 of the Federal Rules of Civil Procedure. The intervening plaintiff, Primax Recoveries, Inc., joins in the plaintiffs' post-trial motions. For reasons stated below, the court will deny the motions.

**I.**

At trial, the plaintiffs contended that a commercial truck operated by the defendant, Loren Fowler, crossed the center line of a rain-slick, narrow, two-lane roadway and collided nearly head-on with a sport utility vehicle operated by Mrs. Dortch. The defendants denied fault but also asserted the comparative fault defense.

The two drivers were the only witnesses to the actual collision, but Mrs. Dortch, who unquestionably sustained severe injuries, had no memory of it. Mr. Dortch was not traveling in the vehicle and asserted a loss of consortium claim.

Mr. Fowler testified that he maintained reasonable control of his truck and remained in

his lane of travel at a speed of 30 to 35 miles per hour.  By Mr. Fowler's admission, then, his speed complied with the posted limit of 35 but exceeded that found in a provision of the Model Driver's Manual for Commercial Vehicle Driver Licensing, which states, "Reduce speed by about one third ... on a wet road."[1]  There was no dispute that had Mr. Fowler been traveling at 23 miles per hour, the force behind Mr. Fowler's truck would have been reduced by more than one-half.

Other witnesses' testimony at trial focused on the physical evidence from which the jury might determine the point of impact in the roadway.  On this pivotal issue, the parties offered the opposing opinions of several retained accident reconstructionists.  The jury also heard testimony from an official investigator who documented and gathered photographs of the scene.  In the official accident report, the investigator placed the point of impact in Mr. Fowler's lane.

The court instructed the jury that Mr. Fowler had a general duty to exercise ordinary care which, to paraphrase, included the following specific duties:  (a) to keep a lookout; (b) to have his vehicle under reasonable control; (c) to drive at a reasonable speed; (d) to keep his vehicle to the right side of the roadway; and (e) to exercise ordinary care generally to avoid collision on the roadway.[2]

The instruction then asked the jury whether they believed, based on a preponderance of the evidence, that Mr. Fowler failed to perform one or more of these duties and that such failure was a substantial factor in causing the collision?  The jury answered "no."  Accordingly, the jury

---

[1] Ex. A to Plas' Mot. for J. as a Matter of Law (docket no. 253) at 2-21.

[2] Jury Instr., Verdict Question No. 1 (docket no. 254).

was instructed not to answer the comparative-fault interrogatory.[3]

At issue in the present motion is whether the court erred in denying the plaintiffs' request to instruct the jury that Mr. Fowler's speed constituted negligence *per se*.

## II.

In a diversity action, a federal court must apply the law of the forum state when reviewing a motion for judgment as a matter of law. *Clark v. Chrysler Corp.*, 310 F.3d 461, 476 (6th Cir. 2002) *reinstated by* 436 F.3d 594, 598 n.5 (6th Cir. 2006). "Under Kentucky law, a motion for judgment as a matter of law should be granted ... if no disputed issue of fact exists upon which reasonable minds could differ." *Id.*, at 476 (internal quotations omitted). The court must accord the non-moving party with "every favorable inference which may reasonably be drawn from the evidence ... ." *Morales v. American Honda Motor Co.*, 151 F.3d 500, 506 (6th Cir. 1998); *Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 726 (6th Cir. 1994).

In the same vein, federal courts sitting in diversity must instruct the jury in conformance with the substantive law of the state; however, "questions regarding the propriety of the instructions are governed by federal procedural law." *King v. Ford Motor Co.*, 209 F.3d 886, 897 (6th Cir. 2000). "It is the better practice for a federal court sitting in diversity to use state approved jury instructions in order to accurately instruct the jury on the appropriate state substantive law." *Id.,* (internal quotations omitted). Moreover, the district court "may refuse to instruct the jury on an issue when there has been insufficient evidence presented to support a jury finding on that issue." *Id.,* (quoting *Miller's Bottled Gas, Inc. v. Borg-Warner Corp.*, 56 F.3d 726, 736 (6th Cir. 1995)).

---

[3] Jury Instr., Verdict Question No. 1 (docket no. 254).

Kentucky courts describe negligence *per se* as a negligence claim with a statutory rather than a common law standard of care. *See Real Estate Marketing , Inc. v. Franz*, 885 S.W.2d 921, 927 (Ky. 1994). Thus, even when the jury is instructed that a defendant was *per se* negligent, the question remains for the jury whether such negligence was the proximate or contributing cause of the alleged damages. *Louisville Taxicab & Transfer Co., v. Holsclaw Transfer Co.*, 344 S.W.2d 828, 829 (Ky. 1961).

The plaintiffs contend the Model Manual's provision for the reduction of speed constitutes a legal standard of care just as any statute, regulation, or ordinance because, in short, Kentucky publishes the manual in accordance with Kentucky and federal regulations and publishes it for the benefit of the public.[4] The plaintiffs readily concede that a negligence *per se* instruction does not eliminate causation as an issue for the jury.

The court again concludes the plaintiffs were not entitled to a negligence *per se* instruction. First, the court remains unconvinced that the Model Manual establishes a legally enforceable standard of care. Neither the parties' nor the court's research has unveiled a case in which a federal or state court has held that the Model Manual supports a negligence *per se* instruction. And, under a general textual analysis, no citation to federal or state regulations leads the court to conclude that the Model Manual is a legislative enactment or an administrative regulation whose purpose is to provide civil liability for a violation of an operating standard.

The Model Manual provides, according to the editor's note, a "guide" to states in preparing commercial drivers for their licensing exam.[5] The plaintiffs argue, in depth, that other

---

[4] Pls.' Motion (docket no. 253) at 7.

[5] Ex. A at H-33 (second page of the Model Manual).

language in the Model Manual and federal and state regulations supports their view. At bottom, the plaintiffs rely on a Kentucky administrative regulation of driver training, which incorporates the Model Manual by reference, as a citation for the proposition that the Model Manual is a legally enforceable standard of care. *See* 52 Ky. Admin. Reg. § 10:035 (2003). This regulation is captioned "Commercial driver's license skill testing" and simply states that persons administering a skills test must test in accordance with the Model Manual. § 10:035, Section 3.(3). This citation actually reinforces the conclusion, however, that the regulation merely addresses commercial driver's licensing and does not purport to provide civil liability for prohibited conduct. *Compare* 49 C.F.R. § 392.14 (stating that "speed shall be reduced" in rainy conditions).[6]

The plaintiffs further emphasize *O'Hair v. Wells*, 2006 WL 2380767 (Ky. App. Aug. 18, 2006), because it deals with a building safety code, promulgated by a non-governmental entity, that serves as a basis for negligence *per se*. The plaintiffs misplace reliance on *O'Hair*, however, because the case and regulation at issue are distinguishable from the case at bar. In *O'Hair*, a Kentucky regulation adopted the code expressly for the purpose of establishing a building safety standard, rather than, as one might analogize to the case at bar, a guide to qualifying building permit inspectors. Moreover, there was no argument presented to the *O'Hair* court that the referenced code failed to establish a legally enforceable safety standard. *Id.,* at *2. Again, the court concludes the Model Manual fails to provide a legally enforceable standard of care.

Second, even if the reduction in speed provision constituted a legal standard of care, there

---

[6]The plaintiffs do not request a negligence *per se* instruction for a violation of this federal regulation.

-5-

was insufficient evidence of a causal link between the breach of such duty and the collision. Because the plaintiffs' theory relied on the expert testimony that gouge marks in the roadway, among other evidence, indicated the impact occurred in Mrs. Dortch's lane, the only reasonable interpretation of the verdict is that the jury disagreed, that is, failed to find there was a likelihood Mr. Fowler breached the duty to stay in his lane.[7] Without this finding, the speed of Mr. Fowler's truck is immaterial. The liability determination in this case did not turn on the question whether Mr. Fowler observed the speed limit, and a negligence *per se* instruction, in the court's view, would have confused and misled the jury. Given the nature of the evidence, there was no causation to support a negligence *per se* instruction.

When considered as a whole, the jury instructions correctly stated the substantive law of Kentucky. The court will therefore deny the renewed motion for judgment as a matter of law by separate order.

### III.

A motion for a new trial requires the court to apply federal law, Rule 59, which permits a new trial if the verdict is against the weight of the evidence. *Rush v. Illinois Cent. R. Co.*, 399 F.3d 705, 727 (6th Cir. 2005). The verdict should stand if the jury's verdict is one which reasonably could have been reached. *Id.* The verdict is not unreasonable, however, "simply because different inferences and conclusions could have been drawn or because other results are

---

[7]The jury clearly rejected the likelihood that Mr. Fowler crossed the center line, despite the defendants' concern that the court followed Kentucky's pattern jury instructions by posing a single interrogatory on the issues of breach and causation. (Defs.' Resp. at 4.) If the jury accepted that the Fowler truck crossed the center line, causation follows necessarily. Thus, the only scenario which would allow a positive finding on breach and a negative finding on causation is if the jury found that Mr. Fowler breached the general duty of care and the specific duties to keep a lookout, etc., *yet* believed he stayed in his lane of travel. The only reasonable interpretation of the verdict, then, is that the jury made no finding of causation *and* no finding of breach of the duty, at least, to keep to the right.

more reasonable." *United States v. L.E. Cooke Co.*, 991 F.2d 336, 343 (6th Cir. 1993).

The plaintiffs argue the clear weight of the evidence proved that the collision could not have occurred in Mr. Fowler's lane. In their motion , the plaintiffs carefully set out the evidence, including photographs of a gouge mark in Mrs. Dortch's lane, that tended to show the vehicles collided head-on in Mrs. Dortch's lane. The plaintiffs then address the relative weaknesses of the defendants' case and argue the verdict is the result of juror confusion.

After careful review of the motion, however, the court concludes the jury verdict should stand. The jury was free to disregard some or all of the opinion testimony offered at trial. In the court's view, the weight of the evidence, specifically, Mr. Fowler's testimony standing alone, reasonably supports the jury's conclusion that the plaintiffs failed to show by a preponderance of the evidence that Mr. Fowler failed to keep his vehicle within in his lane of travel. The jury simply found Mr. Fowler's testimony to be credible – a determination exclusively in the province of the jury – and the court will not disturb the verdict.

The court will, therefore, deny the motion for a new trial by separate order.

DATE:

Copies to:  Counsel of Record